BRIAN D. HARRISON, State Bar No. 157123
*brian.harrison@clydeco.us*
DAVID RHODES, State Bar No. 214493
*david.rhodes@clydeco.us*
CLYDE & CO LLP
Four Embarcadero Center
Suite 1350
San Francisco, CA 94111
Telephone: 415-365-9800
Facsimile:  415-365-9801

Attorneys for Plaintiff
KINSALE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINSALE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>AMERICAN GENERAL RESOURCES, LLC, MICHAEL RAY, and VLADIMIR EFROS,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

## COMPLAINT FOR DECLARATORY JUDGMENT

KINSALE INSURANCE COMPANY ("Kinsale") files suit against AMERICAN GENERAL RESOURCES ("AGR"), MICHAEL RAY ("Ray"), and VLADIMIR EFROS ("Efros"), and alleges:

### NATURE OF ACTION

1.　　This is an action for declaratory relief under 28 U.S.C. § 2201 over whether there is insurance coverage available for alleged contractual liability, gain of profit, and dishonest, intentional, and fraudulent acts by the insureds.

### JURISDICTION AND VENUE

2.　　This Court has jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. The insurance contract in dispute here was made, accepted, and delivered to the Named Insured in Alameda, California.[1]

4. The insurance contract was also delivered to the insureds' insurance broker, RT Specialty, in Burbank, California.

5. Venue is also proper in this district because under the insurance contract the parties consented to jurisdiction in any U.S. court of competent jurisdiction. (*See Policy* attached as Ex. A, Pg. 9.)

6. Additionally, the underlying plaintiff, Jeff A. Menashe ("Menashe") is a citizen of San Francisco, California.

7. One of the insureds (Ray) is a citizen of California.

8. The Named Insured also operates a cannabis company (Bloom Farms, Inc.) in California.

9. Menashe's investment banking firm, which was deprived of servicing the sale of AGR by the insureds' alleged breach of the operating agreement, is a California limited liability company.

10. All conditions precedent have occurred, been performed, or have been waived.

## THE PARTIES

11. Kinsale, an eligible surplus lines insurer, is an Arkansas corporation with its principal place of business in Virginia.

12. Pertinent here, Kinsale issued an insurance policy to AGR. Ray and Efros are Insured Persons under the Kinsale policy.

---

[1] California's choice of law for the interpretation of an insurance policy applies California Civil Code § 1646. Section 1646 provides that when an insurance contract is silent as to the place of performance, the court will apply the law of the place where it is to be performed, or if it does not indicate the place of performance, then according to the law of the place where the contract was made. Here, Kinsale's insurance policy was made/accepted in Alameda, California. Accordingly, California's substantive law applies. California is also the place of performance because the Kinsale insurance policy has an endorsement referring to California law. This demonstrates that the parties intended California to be the place of performance. Further, at least two directors, officers, members, and manager of AGR reside in California. This too indicates that the parties intended California to be the place of performance. *See Lexington Ins. Co. v. Energetic Lath & Plaster, Inc.*, No. 2:15cv00861, 2015 WL 543784, at *5 (E.D. Ca. Sept. 15, 2015) ("Because the policy lists the insurance broker as "Crump E & S of San Francisco Ins." and the insured as "Energetic Painting & Drywall" with an address in North Highlands, California… this court concludes the contract was made in California and California law applies.").

13. AGR is a Delaware limited liability company and a top 10 cannabis and CBD business in California. (*See Underlying Am. Compl.*, attached as Ex. B, Pg. 2.) Upon information and belief, none of the members of AGR are citizens of Arkansas or Virginia.

14. AGR operates Bloom Farms, Inc. ("Bloom Farms"), a California corporation active in the cannabis and CBD industry. (*Id.*, Pg. 18.)

15. Ray is a citizen of California. Ray is a member and manager of AGR and the CEO of Bloom Farms.

16. Efros is a citizen of New York. Efros is a member and manager of AGR and the Chief Strategy Officer of Bloom Farms.

17. AGR previously disputed Kinsale's disclaimer based on California law.

## **BACKGROUND TO THE LAWSUIT AGAINST THE INSUREDS**

18. AGR needed to raise capital so it sold Series D units. (*See* Ex. B, Pg. 24.)

19. In March 2019, Menashe entered into negotiations with Ray and Efros to lead the Series D financing and to invest in AGR.

20. As part of the negotiations, Efros provided AGR's financial information to Menashe, including projected annual net income of nearly $15.5 million, projected revenue of approximately $62 million and $82 million, and a valuation of $100 million prior to the Series D financing. (*Id.*, Pg. 24, 29.)

21. Efros also represented he was in the process of selling AGR's distribution subsidiary for $30 million. (*Id.*, Pg. 30.)

22. Menashe expressed interest in investing in AGR provided he would be appointed the Series D Manager and other key terms were met, including rights for his California investment banking company Demeter Advisor Group, LLC ("Demeter"). (*Id.*, Pg. 19, 21, 30-31.)

23. Based on the representations regarding AGR's strong financial outlook, on June 20, 2019, the parties executed an Operating Agreement and Menashe through DG BF, LLC ("DG BF"), invested $5 million in AGR. (*Id.*, Pg. 31.)

24. Menashe became a member and manager of AGR pursuant to the Series D Unit Purchase Agreement. Menashe is also the owner of DG BF, LLC ("DG BF").

1   25.   DG BF also executed an Investment Banking Agreement providing investment
2 banking rights for all mergers and acquisitions of AGR and its affiliates to Demeter. (*Id.*, Pg. 39.)
3   26.   Shortly after, Menashe discovered that several representations regarding AGR were
4 false.
5   27.   For example, the revenue projections dropped to an expected loss of $4.8 million
6 and the net income fell to $3.4 million. (*Id.*, Pg. 44.)
7   28.   Menashe also discovered the CFO of Bloom Farms (Ronald Roach) was under
8 criminal investigations for securities fraud by the U.S. Department of Justice. Eventually, Roach
9 pleaded guilty to a $1 billion investors securities fraud. (*Id.*, Pg. 42.)
10  29.   Ray and Efros knew Roach was under investigation while the parties were
11 negotiating plaintiffs' investment in AGR. (*Id.*)
12  30.   In an effort to improve AGR's condition, Menashe demanded financial information,
13 the appointment of an independent manager, and participation in the operation of AGR. (*Id.*, Pg.
14 48-51.)
15  31.   Meanwhile, to prevent AGR's insolvency, Efros began offering Series E units with
16 liquidation rights senior to Series D and without the consent of Series D holders. (*Id.*, Pg. 61.)
17  32.   When Menashe discovered this, he informed Efros the proposed sale violated
18 Section 13.2 of the Operating Agreement, which guarantees priority to Series D shareholders
19 regarding distributions in the event of liquidation. (*Id.*, Pg. 61-63.)
20  33.   In order to move forward with the Series E financing, the defendants allegedly
21 ousted Menashe as the Series D Manager and member of AGR. (*Id.*, Pg. 64.)
22  34.   As a result, Menashe lost his investment and position within AGR and his
23 investment banking firm (Demeter) lost the rights in the eventual sale of AGR. (*Id.*, Pg. 70-71.)

**CONTRACT DISPUTE OVER THE FAILED INVESTMENT IN AGR**

25  35.   On June 11, 2020, Menashe individually and derivatively on behalf of AGR and
26 DG BF sued Ray, Efros, and AGR, in an action styled as *DG BF, LLC, et. al. v. Michael Ray, et.
27 al.*, currently pending in the Court of Chancery in the state of Delaware, Case No. 2020-0459-
28 MTZ ("Underlying Action"). AGR is also named as a nominal defendant.

36. The crux of the lawsuit is that AGR, Ray, and Efros ousted Menashe as the Series D representative of AGR's board of managers in violation of the Purchase Agreement.

37. The amended complaint was filed on August 6, 2020 and it includes twenty-four counts.

38. The amended complaint alleges the insureds duped the plaintiffs into investing in AGR based on several material misrepresentations detailed above and other "patently false" representations.

39. On March 1, 2021, the trial court entered an order dismissing all counts except Counts V(e), VII, X, XIV, and XXII. (*See Order* attached as Ex. C.)

40. <u>Count V(e) – Breach of Operating Agreement</u> against Ray alleges that he "materially breached the Operating Agreement by failing to perform numerous actions he was bound to perform…, including… "[d]enying Menashe his explicitly granted rights under Section 5.3(a)(v) of the Operating Agreement as the Series D Manager and power to appoint an independent manager. (*Id.*, Pg. 89.)

41. Ray's "breaches of contract were fraudulent, malicious, oppressive, and done in reckless and conscious disregard of the rights and interests its members [sic]…." (*Id.*, Pg. 91.)

42. DG BF seeks $5 million in compensatory damages, punitive damages, and an accounting of AGR's books and records. (*Id.*)

43. <u>Count VII – Breach of Operating Agreement</u> against AGR includes the same allegations as Count V(e).

44. Additionally, AGR allegedly violated other sections of the Operating Agreement, including Sections 5.3(c)(i), (c)(iii), (vi)(D), (vi)(J), (vi)(I), and 5.10(a). (*Id.*, Pg. 95-97.)

45. "AGR's breaches of contract were fraudulent, malicious, oppressive, and done in reckless and conscious disregard of the rights and interests its members [sic]…." (*Id.*, Pg. 98.)

46. DG BF seeks compensatory damages, punitive damages, and an accounting of AGR's books and records. (*Id.*)

47. <u>Count X – Breach of Implied Covenant of Good Faith and Fair Dealing</u> against Ray alleges that under the Operating Agreement "Ray had an implied contractual obligation to deal

5
COMPLAINT FOR DECLARATORY JUDGMENT

fairly with DG BF and Menashe and not to engage in conduct that would prevent DG BF and Menashe from receiving the benefits of the agreement." (*Id.*, Pg. 103.)

48. Ray breached his contractual obligation by removing Menashe from AGR's board, eliminating the Investment Banking Agreement, and not selecting an independent board member under Section 5.3(a)(v) of the Operating Agreement. (*Id.*)

49. DG BF seeks compensatory damages, punitive damages, and an accounting of AGR's books and records. (*Id.*, Pg. 104.)

50. <u>Count XIV – Fraud and Concealment</u> against Efros and AGR alleges the defendants committed fraud and misrepresentations "in entering into agreements." (*Id.*, Pg. 110.)

51. For example, Efros induced Menashe to invest $5 million in AGR by making "numerous material misrepresentations and intentionally" concealing information, such as Roach's criminal investigation, guilty plea, and conviction, offering Series E liquidation rights to potential investors, the projected net income of AGR, the purchase of AGR's distribution, the true financial records of AGR, and an ongoing attempt to conceal fraudulent activity. (*Id.*, Pg. 110-114.)

52. As a result, Menashe and DG BF suffered compensatory damages in the amount of $5 million, plus punitive damages. The plaintiffs also seek an accounting of AGR's books and records. (*Id.*, Pg. 114-115.)

53. <u>Counts XXII – Declaratory Relief Under Delaware's statute, Sec. 18-110</u> against Ray, Efros, and AGR alleges Menashe is the Series D Manager and member of AGR's board, as well as the owner through Series D units issued to DG BF. (*Id.*, Pg. 130.)

54. "Defendants' scheme to remove Menashe from his role as Series D Manager was invalid and in violation of the Company's Operating Agreement." (*Id.*)

55. Plaintiffs seek a declaratory judgment regarding the validity of Menashe's removal, including whether the July 7, 2020 written consent was improper. (*Id.*, Pg. 131.)

## THE KINSALE POLICY

56. Kinsale issued a Management Liability insurance policy to "American General Resources, LLC" as the Named Insured in Alameda, California, bearing Policy No. 0100061818-2 and effective from 02/02/2020 to 02/02/2021, with a retroactive date of 02/02/2018 ("Policy").

(*See* Ex. A, Pg. 1.)

57. The Limit of Insurance for each claim under the Directors & Officers Liability Coverage Section is $2,000,000, with a $25,000 deductible. (*Id.*)

58. The Policy includes an Endorsement specifically referencing California Civil Code. (*See* Ex. A, Pg. 33.)

59. The Policy's Directors & Officers Liability Coverage Section is Form MLPDO0001 0917. In pertinent part, it provides:

**DIRECTORS & OFFICERS LIABILITY COVERAGE SECTION—
PRIVATE ORGANIZATION**

**SECTION I – COVERAGE**

**A. Insuring Agreement**

1. Side A – Individual Coverage: For an "insured person", we will pay "loss" that the "insured person" is obligated to pay for a "claim" for a "wrongful act," except when the "organization"… indemnifies the "insured person."…

**3.** Side C - Private Organization Coverage: For the "organization" or "subsidiary", we will pay "loss", in excess of the Deductible that the "organization" is obligated to pay for a "claim" for a "wrongful act" by the "organization". …

**B. Defense and Settlement**

1. We have the right and duty to defend the "insured" against a covered "claim". However, we have no duty to defend the "insured" against any "claim" to which this insurance does not apply. We may, at our discretion, investigate any potential "claim". …

**SECTION II – DEFINITIONS**

Defined terms applicable to this Coverage Section are defined below and appear in quotation marks throughout this Coverage Section. …

**D.** "Damages" means any compensatory amount an "insured" is legally obligated to pay for a "claim" to which this Coverage Section applies, including judgments, awards and settlements. …

**L.** "Loss" means "damages" and "defense costs"; however, "loss" shall not include…

  2. Equitable or non-pecuniary relief…

  6. Punitive or exemplary damages, or the multiplied amount of any damages. …

**SECTION III – EXCLUSIONS**

This Coverage Section does not apply to any "claim" for "loss":

**A.** Based upon, arising out of, or attributable to any actual or alleged contractual liability of the "insured" under any express contract or agreement. This exclusion does not apply to the extent that an "insured" would have liability in the absence of the contract or agreement. …

**E.** Based upon, arising out of, or in any way involving:

  1. Any "insured" gaining of profit, advantage or remuneration to which they were not legally entitled; or

  2. Any "insured's"… fraudulent act, dishonest act, or intentional act, error, omission or offense committed with knowledge of its wrongful nature…

**L.** Brought by, on behalf of, or for the benefit of:

  1. Any "insured" against any other "insured"…

(*Id.*, Pg. 17-21.)

60. Kinsale disclaimed coverage for the Underlying Action.

## COUNT I – NO COVERAGE UNDER THE CONTRACTUAL LIABILITY EXCLUSION

61. Kinsale incorporates paragraphs 1 through 60.

62. Under the Contractual Liability Exclusion, there is no coverage for any claim for loss based upon, arising out of, or attributable to any actual or alleged contractual liability of the insured under any express contract or agreement. (*See* Ex. A, Pg. 20.)

63. Counts V(e), VII, and X allege that Ray and AGR are contractually liable for violating several provisions of the Operating Agreement. (*See* Ex. B, Pg. 89, 91, 95-98, and 103-104.)

64. Count XIV alleges that AGR and Efros are liable for committing fraud and misrepresentations "in entering into agreements," including the Operating Agreement. (*Id.*,

Pg. 110.)

65. Count XXII alleges the insureds' removal of Menashe from his role as Series D Manager was "invalid and in violation of the Company's Operating Agreement." (*Id.*, Pg. 130.)

66. Consequently, Kinsale has no duty to defend of indemnify AGR, Ray, or Efros in the Underlying Action.

## COUNT II – NO COVERAGE UNDER CALIFORNIA INSURANCE CODE § 533

67. Kinsale incorporates paragraphs 1 through 60.

68. California Insurance Code § 533 provides that "an insurer is not liable for a loss caused by the willful act of the insured."

69. This statute codifies California's strong public policy of denying coverage for willful torts and wrongdoing, including fraud, negligent misrepresentation, and breach of contract.

70. The amended complaint in the Underlying Action, including Counts V(e), VII, X, XIV, and XXII allege the insureds deliberately and knowingly committed fraud, misrepresented material facts regarding the financial condition of AGR in an effort to induce the plaintiffs' $5 million investment, and breached several sections of the Operating Agreement. (*See* Ex. B.)

71. Consequently, Kinsale has no duty to defend AGR, Ray, or Efros in the Underlying Action.

## COUNT III – NO COVERAGE UNDER THE GAIN OF PROFIT OR ADVANTAGE EXCLUSION

72. Kinsale incorporates paragraphs 1 through 60.

73. Under the Gain of Profit or Advantage Exclusion, there is no coverage for any claim for loss based upon, arising out of, or in any way involving the gaining of any profit or advantage to which the insureds were not legally entitled. (*See* Ex. A, Pg. 20.)

74. The amended complaint, including Counts V(e), VII, X, and XIV allege the insureds fleeced Menashe and DG BF out of $5 million by inducing an investment in AGR based on numerous fraudulent and material misrepresentations regarding AGR's financial condition.

(*See* Ex. B.)

75.     Count XXIV alleges the insureds stripped Menashe as a Series D Manager and member of AGR's board so they could push forward with the Series E financing in violation of the priority rights of Series D holders under the Operating Agreement. (*Id.*, Pg. 130-131.)

76.     Consequently, Kinsale does not have a duty to defend or indemnify AGR, Ray, or Efros in the Underlying Action.

## COUNT IV - NO COVERAGE UNDER THE
## DISHONEST AND FRAUDULENT ACTS EXCLUSION

77.     Kinsale incorporates paragraphs 1 through 60.

78.     Under the Dishonest and Fraudulent Acts Exclusion, coverage is barred for any claim for loss based upon, arising out of or in any way involving any insured's fraudulent act, dishonest act, or intentional act, error, omission or offense committed with knowledge of its wrongful nature. (*See* Ex. A, Pg. 20.)

79.     The amended complaint alleges that AGR, Ray, and Efros knowingly made several false, fraudulent, and dishonest statements. (*See* Ex. B, Pg. 2-3, 5, 7, 12-13, 39-40, 42, 46, 48, 50, 58, 64-66, 68, 91, 98, 104, 110-115, and 130.)

80.     Consequently, Kinsale does not have a duty to defend or indemnify AGR, Ray, or Efros in the Underlying Action.

## COUNT V – NO COVERAGE UNDER THE
## INSURED VERSUS INSURED EXCLUSION

81.     Kinsale incorporates paragraphs 1 through 60.

82.     Under the Insured versus Insured Exclusion, there is no coverage for any claim for loss brought by, on behalf of, or for the benefit of any insured against any other insured. (*See* Ex. A, Pg. 21.)

83.     Menashe, Ray, and Efros are insured persons under the Policy. (*Id.*, Pg. 19.)

84.     AGR is the Named Insured under the Policy. (*Id.*, Pg. 1.)

85.     Menashe individually and derivatively on behalf of AGR sued Ray, Efros, and

AGR. (*See* Ex. B.)

86. Consequently, Kinsale does not have a duty to defend or indemnify AGR, Ray, or Efros in the Underlying Action.

## **COUNT VI – NO COVERAGE UNDER THE INSURING AGREEMENT**

87. Kinsale incorporates paragraphs 1 through 60.

88. Under the Insuring Agreement, Side A – Individual Coverage and Side C – Private Organization Coverage, Kinsale only has a duty to pay a "loss" as defined in the Policy. (*See* Ex. A, Pg. 17.)

89. The definition of "loss" provides that it does not include punitive damages or any sum, amount or payment that constitutes restitution or disgorgement. (*Id.*, Pg. 19.)

90. Counts V(e), VII, X, XIV, and XXII seek punitive damages and non-pecuniary relief against AGR, Ray, and Efros. (*See* Ex. B, Pg. 91, 98, 104, and 115.)

91. California's public policy also prohibits indemnity for punitive damages. *See PPG Inds., Inc. v. Transamerica Ins. Co.,* 20 Cal. 4th 310, 317 (Ca. App. Ct. 1999); Cal. Ins. Code § 533.

92. Additionally, Count V(e) and XIV seek an award of $5 million, which is the amount invested by Menashe through DG BF in AGR.

93. Consequently, Kinsale does not have a duty to indemnify AGR, Ray or Efros in the Underlying Action.

## **REQUESTED RELIEF**

Kinsale respectfully requests that this Court:

a. Take jurisdiction and adjudicate the rights of the parties under the Policy;

b. Find and declare that there is no coverage under the Policy for the Underlying Action pursuant to the Contractual Liability Exclusion;

c. Find and declare that there is no coverage under the Policy for the Underlying Action pursuant to California Ins. Code §533;

d. Find and declare that there is no coverage under the Policy for the Underlying Action pursuant to the Gain of Profit or Advantage Exclusion;

    e.    Find and declare that there is no coverage under the Policy for the Underlying Action pursuant to the Dishonest or Fraudulent Acts Exclusion;

    f.    Find and declare that there is no coverage under the Policy for the Underlying Action under the I v. I Exclusion.

    g.    Find and declare that there is no coverage under the Insuring Agreement, Side A and Side C of the Policy for the Underlying Action because the amended complaint seeks an award of punitive damages, non-pecuniary relief, and disgorgement, which do not qualify as insurable "loss."

    h.    Award Kinsale all costs incurred to prosecute this action, as well as any other relief that this Court deems equitable, just, and proper.

Dated: April 8, 2021                  CLYDE & CO LLP

By:   */s/ Brian D. Harrison*
       Brian D. Harrison
       David M. Rhodes
       Attorneys for Plaintiff KINSALE INSURANCE COMPANY